UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AARON WITKIN,<br><br>  Plaintiff,<br><br>  v.<br><br>D. WAGNER, et al.,<br><br>  Defendants. | No. 2:20-cv-00267 WBS CKD P<br><br><br><br>ORDER |

Plaintiff, a state prisoner appearing pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). Plaintiff's complaint (ECF No. 1) is before the court for screening.

The court finds that this case may proceed against defendant Wagner for a claim arising under the First Amendment. With respect to the other defendants identified in plaintiff's complaint, the facts alleged fail to state actionable claims. Plaintiff has two options: 1) he may proceed on the claim described above; or 2) make an attempt to cure the deficiencies in his complaint with respect to the other defendants and claims in an amended complaint.

If plaintiff decides to file an amended complaint, plaintiff should consider that in order to state an actionable claim, plaintiff must demonstrate with specific allegations how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.

In any amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that if he elects to amend, the court cannot refer to a prior pleading in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

In accordance with the above, IT IS HEREBY ORDERED that

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted; and

2. Plaintiff is granted 21 days within which to complete and return the attached form notifying the court whether he wants to proceed on a claim arising under the First Amendment against defendant Wagner, or whether he wishes to file an amended complaint in an attempt to cure the deficiencies in his original complaint. If plaintiff does not return the form, this action will proceed on the claim described above.

Dated: April 16, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/witkin0267.op

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AARON WITKIN,<br><br>        Plaintiff,<br><br>   v.<br><br>D. WAGNER, et al.,<br><br>        Defendants. | No.  2:20-cv-00267 WBS CKD P<br><br>PLAINTIFF'S NOTICE OF<br>HOW TO PROCEED |

Check **one**:

\_\_\_\_\_ Plaintiff wants to proceed immediately on a First Amendment claim against defendant Wagner.

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.

DATED:

                                               _____
                                               Plaintiff