UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AARON WITKIN,<br><br>Plaintiff,<br><br>v.<br><br>D. WAGNER, et al.,<br><br>Defendants. | No. 2:20-cv-00267-WBS-CKD P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently pending before the court is plaintiff's motion for leave to file a second amended complaint along with proposed second amended complaint; defendant Wagner's motion to compel discovery responses from plaintiff; and plaintiff's motion to modify the discovery and scheduling order issued on April 14, 2021. ECF Nos. 38-39, 41, 42. The court will address each motion in turn.

**I.    Procedural Background**

In screening the original complaint in this case, the court gave plaintiff the option of proceeding on a First Amendment retaliation claim against defendant Wagner or of amending his complaint to attempt to cure the deficiencies with respect to the remaining claims and defendants. ECF No. 8 at 2.

////

Plaintiff elected to file a first amended complaint on May 31, 2020. ECF No. 14. In screening the first amended complaint, the court concluded that plaintiff could proceed against defendants Wagner and Hagerman for claims of retaliation in violation of the First Amendment, but that he had failed to state any cognizable claim of retaliation against defendants Wise, Kelly, Rossi, Voong, Neuschmid, or Briggs based on their participation in reviewing his inmate requests or grievances about his missing property. ECF No. 15 at 4. Additionally, the court found that plaintiff did not allege any supplemental state law negligence claim against any defendant because he did not properly plead compliance with the California Tort Claims Act. Id. The court ordered the first amended complaint served on defendants Wagner and Hagerman and recommended that the remaining defendants be dismissed without leave to amend for failing to state any claim for relief. By order dated January 27, 2021, the district judge adopted the Findings and Recommendations issued on December 10, 2020 and dismissed defendants Wise, Kelly, Rossi, Voong, Neuschmid, Briggs, and Coker without further leave to amend. ECF No. 26.

## II. Motion to Amend

Review of the proposed second amended complaint reveals that plaintiff alleges the same claims against defendants Wise, Kelly, Voong, Neuschmid, and Briggs that were previously dismissed without further leave to amend. Plaintiff's proposed second amended complaint further seeks to add supplemental state law claims against defendants by alleging compliance with the California Government Claims Act. He alleges that defendants breached a duty of care that they owed him and that he was injured as a result. ECF No. 39 at 6-7. However, plaintiff does not specify any physical or emotional injury that he suffered or describe what state tort defendants committed.

### A. Legal Standards

Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint after a responsive pleading has been filed may be allowed by leave of the court and "shall be freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962). "Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause

undue prejudice to the defendant, is not sought in bad faith, and is not futile.  Additionally, the district court may consider the factor of undue delay." Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999) (citations omitted).

### B. Analysis

The proposed second amended complaint raises claims against defendants Wise, Kelly, Voong, Neuschmid and Briggs based on their review of his administrative appeals, which is not sufficient to state a claim for relief as plaintiff has been previously advised.  See ECF No. 15 at 4.  Additionally, these defendants were dismissed without further leave to amend.  The proposed amendment is futile with respect to the claims against defendants Wise, Kelly, Voong, Neuschmid and Briggs.  To the extent that plaintiff attempts to raise supplemental state law claims against these defendants, this court does not have subject matter jurisdiction because he has failed to allege any cognizable federal claim against them.  For all these reasons, plaintiff's motion to amend his complaint to raise claims against defendants Wise, Kelly, Voong, Neuschmid, and Briggs is denied.

The court finds that plaintiff has unduly delayed in amending his complaint to attempt to cure the previously identified defects in his supplemental state law claims against defendants Wagner and Hagerman.  See ECF No. 15 at 4.  The court informed plaintiff of the deficiencies in his supplemental state law claims at the time that service of the first amended complaint was ordered.  ECF No. 15 at 4.  All plaintiff needed to do was allege compliance with the California Tort Claims Act.  Plaintiff made no effort to fix this defect for six months and his motion for leave to amend does not explain the reason for this delay.  Because discovery is now closed, allowing amendment at this late juncture would be prejudicial to defendants Wagner and Hagerman.  After weighing the relevant factors, the court denies plaintiff's motion for leave to amend.  ECF No. 38.

### III. Defendant's Motion to Compel

On August 20, 2021, defendants filed a motion to compel plaintiff's responses to defendant Wagner's First Set of Interrogatories that were served on plaintiff on June 12, 2021.  ECF No. 41.  According to the terms of the Discovery and Scheduling Order governing this case,

plaintiff was required to respond to the interrogatories within 45 days of service, or by August 5, 2021. ECF No. 36. "Plaintiff has never responded to the interrogatories, nor has he contacted [defense] counsel to request an extension or otherwise address his failure to respond." ECF No. 41-1 at 2. Therefore, defendants seek an order requiring plaintiff to respond without objections to defendant Wagner's Interrogatories, Set One.

### A. Legal Standards

The Federal Rules of Civil Procedure permit discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id.

Where a party fails to respond to a discovery request, the party seeking discovery may file a motion to compel production. Fed. R. Civ. P. 37(a). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07-cv-0200 JM PCL, 2009 WL 1390794 at *1, 2009 U.S. Dist. LEXIS 42339 at *3 (S.D. Cal. May 14, 2009) (citations omitted). The opposing party is "required to carry a heavy burden of showing why discovery was denied." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

### B. Analysis

Based on plaintiff's complete failure to respond to defendant Wagner's Interrogatories, Set One, the court will grant the motion to compel. Plaintiff initiated this lawsuit and he is obligated to comply with the applicable Federal Rules of Civil Procedure and Local Rules of this court by responding to defendant's discovery requests to the best of his ability. Plaintiff's complete failure to respond to defendant Wagner's discovery request and his failure to oppose defendant's motion, means he has waived any objections to those requests and will be ordered to respond. Plaintiff must answer each interrogatory fully in writing under oath. See Fed. R. Civ. P. 33(b)(3). While extensive research is not required, a reasonable effort to respond must be made.

L.H. v. Schwarzenegger, No. S–06–2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep.21, 2007). Defendant may move to dismiss this action pursuant to Rule 41(b) if plaintiff fails to comply with this court order.

### IV. Plaintiff's Motion to Modify the DSO

Although the docket appears that plaintiff filed a motion to modify the discovery and scheduling order after defendants' motion to compel was filed, a closer inspection reveals that plaintiff deposited his motion with prison authorities for filing on August 15, 2021. See ECF No. 42 at 12 (proof of service); see also Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule). Therefore, it predates the motion to compel and does not provide any explanation for plaintiff's lack of response to defendant Wagner's interrogatories.

Instead, plaintiff's motion seeks to extend the discovery deadline in this case by 48 days in order to render his second set of discovery requests propounded on defendants on August 8, 2021 timely. ECF No. 42 at 5. The discovery cut-off date in this case was set for August 20, 2021. ECF No. 36 (Discovery and Scheduling Order). All requests for discovery pursuant to Federal Rules of Civil Procedure 31, 33, 34 or 36 were required to be served not later than sixty days prior to that date. ECF No. 36 at 6. Plaintiff indicates that he propounded this untimely second set of discovery requests on defendants because "the defense case had morphed into a defense that all of the adverse action taken advanced a legitimate correctional goal" and that, he "needed to ask the defendants some additional questions about their asserted correctional goals." ECF No. 42 at 5.

In opposition to this motion, defendants contend that plaintiff does not establish good cause for modifying the discovery schedule in this case. ECF No. 43. According to defendants, plaintiff simply failed to timely "serve discovery requests relating to essential elements of his claim within the clear time frame authorized by the discovery and scheduling order…." ECF No. 43 at 2. Defendants further argue that plaintiff was aware of all of the elements required to prove a retaliation claim at the time that he filed his original complaint and again when the court screened his first amended complaint. See ECF Nos. 1 at 10-12, 15 at 3. Therefore, defendants request that the court deny plaintiff's motion to extend the discovery period in this case.

5

### A. Legal Standards

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id.

### B. Analysis

After reviewing the parties' pleadings, the court finds that plaintiff has failed to establish good cause to modify the discovery and scheduling order in this case. See Johnson, 975 F.2d at 609. In light of the elements of a First Amendment retaliation claim, defendants' discovery responses are not novel or unexpected. Plaintiff does not explain why he did not propound any discovery related to each element of his claim for relief in the first set of discovery requests that were timely served on defendants. Absent such information, plaintiff has not demonstrated good cause for a modification of the discovery cut-off date in this case. Accordingly, the court denies plaintiff's motion to modify the discovery and scheduling order.

## V. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court is denying your motion to amend the complaint because the proposed second amended complaint includes defendants Wise, Kelly, Voong, Neuschmid, and Briggs that the district court judge previously dismissed without further leave to amend.

Based on your failure to respond to the defendant Wagner's discovery request, the court is granting defendants' motion to compel. You have 21 days from the date of this order to serve your responses to defendant Wagner's discovery request. If you do not provide responses to defendant's discovery request, you may be subject to sanctions.

The court is denying your motion to extend the discovery period in this case based on your failure to explain why you did not include any prior discovery requests to defendants

concerning each element of a First Amendment retaliation claim.  Therefore, all deadlines governing this case remain the same.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a second amended complaint (ECF No. 38) is denied.
2. Defendants' unopposed motion to compel (ECF No. 41) is granted.  Within 21 days of the date of this order, plaintiff shall serve his responses to defendant Wagner's Interrogatories, Set One.  Plaintiff is cautioned that failure to comply with this court's order compelling discovery may result in further sanctions including the dismissal of this case.
3. Plaintiff's motion to modify the discovery and scheduling order (ECF No. 42) is denied for lack of good cause shown.
4. The remaining deadline governing this case is the pretrial motions deadline set for November 12, 2021, which remains in effect.

Dated:  September 20, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/witk0267.m2amend.docx