UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AARON WITKIN,<br><br>Plaintiff,<br><br>v.<br><br>D. WAGNER, et al.,<br><br>Defendants. | No. 2:20-cv-00267-WBS-CKD (PC)<br><br><br><br>ORDER |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this federal civil rights action filed pursuant to 42 U.S.C. § 1983. By order dated June 27, 2022, the court entered judgment in favor of defendants after it granted their motion for summary judgment. ECF Nos. 69-70. On July 22, 2022, plaintiff filed a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. ECF No. 72. In his motion, plaintiff contends that the court made clear factual errors in adopting the magistrate judge's Findings and Recommendations issued on May 13, 2022.

In his motion, plaintiff challenges defendant Hagerman's shifting of the blame for the decision to transfer plaintiff to defendants Wise and Kelly. ECF No. 72 at 2. As a result, plaintiff asserts that the court should have granted him leave to amend his complaint even though the case had proceeded to the summary judgment stage. ECF No. 72 at 2-3. Plaintiff also contends that the court committed plain error by failing to credit the evidence that defendant Wagner violated

1

1   CDCR regulations in disposing of his property.  ECF No. 72 at 3-4.  Plaintiff also points to
2   evidence in the record that he believes creates a genuine issue of material dispute warranting a
3   trial in this case.  ECF No. 72 at 4-5.
4         Absent "highly unusual circumstances," reconsideration pursuant to Rule 59(e) is
5   appropriate only where 1) the court is presented with newly discovered evidence; 2) the court
6   committed clear error or the initial decision was manifestly unjust; or 3) there is an intervening
7   change in controlling law.  School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d
8   1255, 1263 (9th Cir. 1993) (citations and quotations omitted).  Mere dissatisfaction with the
9   court's order, or belief that the court is wrong in its decision, are not grounds for relief under Rule
10  59(e).  Applying this standard, the court finds that reconsideration is not warranted in this case.
11  Plaintiff's motion rehashes the arguments that he raised in his Objections to the Magistrate
12  Judge's Findings and Recommendations. ECF No. 68.  These arguments were considered by this
13  court prior to entering judgment in this matter.  To the extent that plaintiff's motion seeks leave to
14  amend his complaint, such a request is untimely and is also denied based on lack of good cause
15  shown.  See Fed. R. Civ. P. 15.
16        Accordingly, plaintiff's motion to alter or amend judgment (ECF No. 72) is DENIED.
17  Dated:  August 15, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

22  12/witk0267.59(e).docx

2